JACOB FINK, Respondent, v. THIRTY-SEVEN WEST THIRTY-SIXTH STREET COMPANY, Appellant, Impleaded with ELIAS KAISER, Defendant.

First Department, May 31, 1935.

*William B. Shelton* of counsel [*Jenkins, Dimmick & Finnegan,* attorneys], for the appellant.

*J. Irving Weissman* of counsel [*Ralph Weller* with him on the brief; *J. Irving Weissman,* attorney], for the respondent.

GLENNON, J. The defendant Thirty-seven West Thirty-sixth Street Company has appealed from a judgment in favor of the plaintiff against it and the codefendant in a personal injury action.

* See *post,* p. 883.

The appellant was the owner of the building, while the codefendant, Kaiser, occupied a store therein under a lease, where the accident occurred.

This appeal presents questions which arose upon the second trial of the action. The first trial resulted in a verdict for the plaintiff against the defendants, but it was set aside and a new trial ordered. This court unanimously affirmed the order setting aside that verdict (242 App. Div. 624). During the course of that trial, the defendant Thirty-seven West Thirty-sixth Street Company withdrew at the close of the plaintiff's case. The defendant Kaiser, however, testified as a witness in his own behalf but under the circumstances was not cross-examined by counsel for the appellant.

The respondent, a window cleaner, was injured on the 6th day of December, 1926, while he was engaged in washing the show window of the store leased by Kaiser from the appellant. He said: " As I started to wash the window from the centre, and just as I put the pressure on my hand on the window, the window fell out, and I fell with it; I lost my balance." The assigned negligence on the part of this appellant was that it had permitted the window frames to " become and remain in a broken and defective condition and out of repair."

The contention of the plaintiff was, in substance, that about three weeks before the accident while a crate was being hoisted from the street along the outside of the building to one of the upper floors, a part of it cut and ripped the metal strip which held the window in place. The main issue upon the trial, in so far as the appellant was concerned, related to the control of that part of the premises where the accident occurred. The appellant in its answer denied the management and control of any portion of the premises leased to Kaiser.

In order to prove the responsibility of the appellant, the plaintiff was permitted by the court, over the strenuous objection and exception of counsel for the appellant, to read into the record the testimony which the defendant Kaiser gave upon the first trial. Apparently, the theory upon which it was admitted was that Kaiser, who defaulted upon the second trial, had become ill and had gone to Lakewood, N. J. A casual inspection of section 348 of the Civil Practice Act would have avoided this error. Section 348 reads in part: " Where a party or witness has died or become insane or, being a non-resident of this state, has departed from the state or, being a resident of the state has departed therefrom by reason of military or naval service under the state or United States, since or during the trial of an action now or hereafter pending * * *, the testimony of the decedent or insane person or of

such absentee, * * * may be given or read in evidence at a new trial."

We cannot say that the admission of this testimony was harmless since, in the long discussion pertaining thereto in the presence of the jury, counsel for the respondent stated in part: " I am simply trying to show who made the repairs, which would be some evidence of control." As that was the vital point in the case in so far as the appellant was concerned, Kaiser's testimony must have been very persuasive in influencing the jury upon that particular question.

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

MARTIN, P. J., MERRELL, TOWNLEY and UNTERMYER, JJ., concur.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.